

**Service of Process Transmittal**
11/04/2020
CT Log Number 538530224

TO: Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

RE: **Process Served in Missouri**

FOR: Target Corporation (Domestic State: MN)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | EDNA BUCHANAN, PLTF. vs. TARGET CORPORATION, DFT. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 2016CV21492 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Clayton, MO |
| DATE AND HOUR OF SERVICE: | By Process Server on 11/04/2020 at 09:32 |
| JURISDICTION SERVED : | Missouri |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 11/04/2020, Expected Purge Date: 11/09/2020<br><br>Image SOP<br><br>Email Notification, Non Employee Litigation Target gl.legal@target.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| For Questions: | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / ZB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Nov 4, 2020
**Server Name:** Drop Service

**Entity Served** TARGET
**Agent Name**
**Case Number** 2016CV21492
**Jurisdiction** MO





# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 2016-CV21492 |
|---|---|
| JAMES FRANCIS KANATZAR | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| EDNA BUCHANAN | MICHAEL WAYNE WHARTON |
| | 10975 BENSON DRIVE |
| | SUITE 370 |
| vs. | OVERLAND PARK, KS 66210 |
| Defendant/Respondent: | Court Address: |
| TARGET CORPORATION | 308 W Kansas |
| Nature of Suit: | INDEPENDENCE, MO 64050 |
| CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** TARGET CORPORATION
**Alias:**
120 SOUTH CENTRAL AVE.
CT CORPORATION SYSTEM
CLAYTON, MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

21-OCT-2020
Date                                      Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                          Date                                Notary Public

**Sheriff's Fees**
Summons                                $_____
Non Est                                $_____
Sheriff's Deputy Salary
Supplemental Surcharge                 $ 10.00
Mileage                                $_____ (_____ miles @ $_____ per mile)
**Total**                              $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-9497  1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
11-5-2020                                  000629731G0001                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00959-FJG   Document 1-1   Filed 12/04/20   Page 3 of 10   EXHIBIT A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

EDNA BUCHANAN,

        PLAINTIFF(S),        CASE NO. 2016-CV21492

VS.        DIVISION 5

TARGET CORPORATION,

        DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

    NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES FRANCIS KANATZAR** on **19-FEB-2021** in **DIVISION 5 at 08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

    At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JAMES FRANCIS KANATZAR
JAMES FRANCIS KANATZAR, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MICHAEL WAYNE WHARTON, 10975 BENSON DRIVE, SUITE 370, OVERLAND PARK, KS 66210

Defendant(s):
TARGET CORPORATION

Dated: 21-OCT-2020

MARY A. MARQUEZ
Court Administrator

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

EDNA BUCHANAN
3905 S. Adams Ave.
Independence, MO 64055,

          Plaintiff,

v.

TARGET CORPORATION
[Serve: CT Corporation Systems
      120 South Central Ave.
      Clayton, MO 63105]

          Defendant.

Case no: _____
Court no: _____

## PETITION FOR DAMAGES

For her petition against the above named defendant, Plaintiff Edna Buchanan states and alleges that:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual now residing in the State of Missouri.

2. Defendant Target Corporation (hereinafter "Target") is a corporation organized and existing under the laws of the State of Minnesota which is authorized to transact, and is transacting, business in the State of Missouri. Defendant operates a department store located at 17810 East 39th Street in Independence, Jackson County, Missouri.

3. Defendant can be served with process by delivering a copy of this petition and summons to its registered agent CT Corporation Systems, 120 South Central Avenue, Clayton, Missouri 63105.

4. The injuries sustained by the plaintiff occurred in the eastern half of Jackson County, Missouri, and, therefore, venue is proper in this court.

### General Allegations

5. Target is, and was, on January 8, 2020, the owner, occupier, or possessor of premises located at 17810 East 39th Street, Independence, Jackson County, Missouri (hereinafter "the premises").

6. Plaintiff was on January 8, 2020 a patron or customer of Target invited by Target to enter and remain on the premises for a purpose directly or indirectly connected with the business in which Target was engaged.

7. At approximately 6:30 p.m. on January 8, 2020, Plaintiff was walking at the front of the premises toward the checkstands when she slipped and fell on a clear slippery substance on the floor. As she slipped, she fell to the ground.

8. The clear, slippery substance on the floor was difficult for customers to see and made the premises unreasonably dangerous for invitees using it.

9. At all times material to the subject matter of this lawsuit, the premises above mentioned were maintained and exclusively controlled by Target.

10. At all times material to the subject matter of this lawsuit, Plaintiff exercised reasonable and due care for her own safety, health and well being. Plaintiff did not know, and by using ordinary care, could not have known that there was a slippery substance on the floor of Defendant's premises or that the slippery substance presented an unreasonably dangerous or unsafe condition.

11-5-2020   000629731G0001   6020201105011294

Case 4:20-cv-00959-FJG   Document 1-1   Filed 12/04/20   Page 7 of 10   EXHIBIT A

## COUNT I
### (Negligence v Target)

For the first count of her petition in this action, Plaintiff states and alleges that:

11. Each of the preceding paragraphs of this petition is incorporated into this count as though fully set forth.

12. As the owner, occupier, or possessor of the premises, Target owed a duty to exercise reasonable and ordinary care to ensure that the premises were reasonable safe. Target also owed a duty to Plaintiff to warn her of all of the premises' dangerous conditions.

13. The slippery substance on the floor which caused Plaintiff to slip and fall presented a dangerous and unsafe condition, involving an unreasonable risk of harm or injury to Plaintiff and other Target customers in that the substance created a slip hazard.

14. Target knew of, or by the exercise of reasonable care, could have known of the dangerous and unsafe condition presented by the substance on the floor, and Target knew or could have known that the dangerous and unsafe condition involved an unreasonable risk of harm or injury to Plaintiff or other customers.

15. Target breached the duties it owed to Plaintiff and was thereby negligent in that it failed to use reasonable and ordinary care to ensure that the premises it owned, occupied or possessed were reasonably safe for receiving customers by correcting the dangerous condition presented by the substance on the floor and/or failed to warn Plaintiff about the dangerous and unsafe condition despite the fact that Target knew or could have known that the premises were unsafe.

16. As a direct and proximate result of Target's negligent acts and/or omissions, Plaintiff sustained serious, permanent and debilitating injuries to her person including, but not limited to, injuries to her head, neck, mid-back, lower back, right ankle and right leg. In addition, Plaintiff incurred, and will continue to incur, the following damages:

   a. Hospitalization, medical and other related healthcare expenses that Plaintiff would not have incurred but for the injuries she sustained as the result of Target's negligence;

   b. Physical pain, suffering, loss of enjoyment of life and mental anguish that Plaintiff would not have experienced but for the injuries that she sustained as the result of Target's negligence;

   c. Lost time from work and resulting lost wages that Plaintiff would not have experienced but for the injuries she sustained as the result of Target's negligence;

   d. Probable future medical expenses, physical pain, suffering, lost enjoyment of life and mental anguish, and lost time that Plaintiff would not otherwise be subjected to but for the injuries she sustained as the result of Target's negligence.

**WHEREFORE**, Plaintiff Edna Buchanan, respectfully prays that this Court enter a judgment in her favor and against Target Corporation in an amount that is fair and reasonable, for her costs for this action, and for such other and further relief as the Court deems just and proper.

4

11-5-2020        000629731G0001        6020201105011294

Case 4:20-cv-00959-FJG   Document 1-1   Filed 12/04/20   Page 9 of 10

**EXHIBIT A**

Respectfully Submitted,

COUCH, PIERCE, KING &
WHARTON, CHARTERED

_____
MICHAEL W. WHARTON MO#40787
12 Corporate Woods Suite 370
10975 Benson Drive
Overland Park, Kansas 66210
Telephone: 913-451-8430
Fax: 913-451-8531
Email: mwharton@cpkwlaw.com
**ATTORNEYS FOR PLAINTIFF**

## DEMAND FOR JURY TRIAL

**COMES NOW** the plaintiff, Edna Buchanan, and demands trial by jury on all issues so triable.

_____
MICHAEL W. WHARTON

5